SUN FINANCE AND LOAN COMPANY, Plaintiff-Appellee, v. HADLOCK, Defendant, KLEIN, d. b. a. H. KLEIN BODY CO., Third Party Claimant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24874.   Decided October 30, 1959.

Joseph O. Coy, for plaintiff-appellee.
George Lowy, Jerome W. Moss, for appellant.

## OPINION

By SKEEL, J.:

This appeal comes to this court on questions of law from a judg-

ment entered by the Municipal Court of Cleveland denying the third party claimant's prayer for possession of an automobile taken from his possession by the bailiff of the Municipal Court of Cleveland.

The bailiff had taken the automobile from the third party claimant in carrying out an execution on the automobile which was said to be the property of the defendant Hadlock. The certificate of title was recorded in his name. The execution was issued to satisfy the plaintiff's judgment for $731.54 against the defendant Hadlock.

The defendant (Hadlock) purchased a 1954 Buick from W. M. Doraty, Inc., on March 18, 1958, and gave a cognovit note, secured by a chattel mortgage on the automobile, to the plaintiff, the note being for $900.00, the amount of the lien of the mortgage of which lien was noted on the certificate of title. Late in September, the defendant, Hadlock, was involved in an accident causing extensive damage to his Buick automobile. He called Henry Klein to tow the automobile to his body shop and ordered him to make the repairs, the cost of which totaled about six hundred and fifty dollars. Hadlock was notified that the work was completed but failed to call for the automobile or pay the value of the work. Klein retained possession of the automobile claiming an artisan's lien against it for the amount of his repair bill.

The plaintiff's cognovit note, secured by the mortgage as noted on the certificate of title, came into default and on November 19, 1958, a judgment by confession was taken for $731.54, and journalized in the Municipal Court of Cleveland. On November 20, 1958, a praecipe, directing the bailiff to levy execution upon the automobile, was issued. A motion to stay execution and sale was filed by Henry Klein on November 5 and granted on November 28, staying proceedings until December 2, 1958, subject to posting a bond in the sum of $1,000.00.

Henry Klein did not file the bond and on December 2, 1958, filed a third party claim setting out his lien on the automobile and the amount claimed, supported by affidavit. The automobile was then in the possession of the bailiff as a result of the execution issued by plaintiff on November 20, 1958. The third party claim was heard and submitted on December 11, 1958, and denied by the court on January 8, 1959, by which entry the court terminated the order staying execution.

The court's bailiff took possession of the automobile against the strong protests of Henry Klein on November 21, 1958, and had it stored in another garage, making the following return on January 8, 1959:

"Received this writ Nov. 20, 1958, and by virtue of its order. I did on the 21st day of Nov. at the hour of 1:15 P. M. levy upon 54 Buick Tudor, Serial No. 4A3039103 and placed in storage at 3128 Fulton Road as the property of defendant and placed Ben Dieterich in charge as my custodian. I advertised the property for sale but did not sell. Proceedings Stayed 1/7/59 Third Party Denied, Pryatel, Judge, and for want of time, this writ returned Jan. 8th 1959.—no money made, not satisfied, leaving my levy still in force. * * *"

On January 14, 1959, a praecipe was filed directing the bailiff to sell the automobile. This execution was returned on March 19, 1959, showing that the bailiff sold the Buick automobile as the property of the de-

fendant, Hadlock, to the plaintiff, the Sun Finance and Loan Company, for $565.00, the return showing that out of the sale price, the costs and storage of $110.34 were paid and the balance of $454.66 credited to the judgment.

Upon the foregoing facts, the plaintiff, by levying execution on the automobile as the property of the defendant to satisfy its judgment, waived its mortgage lien thereon.

There is no doubt from the record but that the common law lien of Klein was subject only to the chattel mortgage of the Sun Finance and Loan Company. Klein did not waive his lien by surrendering possession of the automobile, it being taken from him by force of law against which he had no power to resist. Prior to the time the third party claim was filed, the plaintiff had filed its praecipe for execution and possession of the automobile which had been taken by the bailiff as directed.

With the lien of plaintiff's mortgage waived by its execution on the automobile of the defendant as the defendant Hadlock's property, the artisan's lien became the first and best lien by operation of law and the third party claimant was then entitled to continue in his possession of the automobile taken from him against his will by the bailiff.

Some claim is made that the artisan's lien, not being recorded or noted on the certificate of title as provided by §4505.04 R. C., cannot be recognized or in force in a court of law or in equity. This section, in part, provides:

"No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"A. By a certificate of title or a manufacturer's or importer's certificate issued in accordance with §§4505.01 to 4505.19 inclusive, R. C.

"B. * * *."

This section provides that no person "acquiring a motor vehicle from the owner * * * or otherwise, shall acquire any right, title, claim or interest in or to said motor vehicle" unless he has issued to him a certificate of title. The obligation of noting a mortgage and liens is provided by §4505.13 R. C. This section does not encompass a common law artisan's lien.

These statutes must be strictly construed in favor of rules of the common law dealing with artisan's liens which had their beginning in the very early development of the law of personal property and bailments. The artisan's lien came into being in attempting to protect one whose work and materials have enhanced the value of another's property when the common law did not recognize implied contracts. Certainly a rule which has found such complete acceptance for so many years in the law of bailments for the benefit of the bailee should not be set aside without a clear legislative provision to that effect dealing with certificates of title to motor vehicles or with the manner in which such title can be used as security for debt. Surely it could not be argued that the owner of a motor vehicle holding the certificate of title could use such evidence of title to seek repossession of the vehicle held in the possession of a bailee under a common law lien for services rendered

and benefits bestowed upon the vehicle, the debt being due by virtue of a contract between the owner and the bailee. Furthermore, an artisan's lien does not come within the terms "motor vehicle sold, or disposed of, or mortgaged or encumbered."

We hold that the artisan's lien, which is one imposed by law, was not destroyed by the "Certificate of Motor Vehicle Title Law."

The judgment of the Municipal Court denying the third party claim seeking possession of the Buick automobile when, upon the record, the mortgage lien of the plaintiff had been waived, was in error, and is, therefore, reversed.

The cause is remanded with instructions to grant said third party claim and order the plaintiff to deliver said automobile to the third party claimant or if this is now impossible, to refund to him its value in an amount not to exceed the amount of his lien.

HURD, PJ, KOVACHY, J, concur.